

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 21, 2013

**BY E-MAIL (ForrestNYSDChambers@nysd.uscourts.gov)**

The Honorable Katherine B. Forrest
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 730
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __8/21/13__
```

    Re:    **In Re: 650 Fifth Avenue and Related Properties,**
             **08 Civ. 10934 (KBF)**

Dear Judge Forrest:

       The Government respectfully submits this letter to seek a clarification of the Court's Order dated February 1, 2013 (ECF Docket Entry No. 348) in light of Alavi and 650 Fifth Avenue's counsel's statement at the most recent pretrial conference that the Government is precluded from calling any witnesses at trial whose respective documents were not produced by April 1, 2013. (Transcript of August 7, 2013, conference ("Tr.") at Tr. 68:8-13). The Government believes that the Court's Order was neither intended to have such an effect nor that its terms require such a result; indeed, such a result would severely impair the Government's ability to present witnesses and evidence at trial despite the Claimants' full and fair opportunity to take discovery and depositions in this matter. To the extent the Government is mistaken as to the order, we respectfully request that the Court reconsider its decision.

       The February 1, 2013, order states, *inter alia,* that:

- All document discovery shall close on April 1, 2013.

- Any documents not produced by April 1, 2013, cannot be used or relied upon at trial, except upon a showing of very good cause.

- The Government shall disclose the identity of any witness it plans to call at trial no later than April 1, 2013. No witnesses for the Government disclosed after that date may be called at trial, except upon a showing of good cause.

- For any witness to be called at trial, the parties shall ensure in good faith that they review and, not later than April 1, 2013, produce all relevant documents relating to that witness.

As the Court has recognized, the claimants in this matter have sought vast quantities of discovery from numerous governmental agencies, and the Government has undertaken extraordinary efforts to provide relevant, discoverable materials. The vast bulk of the most relevant documents were produced long before the deadline of April 1, 2013, including documents recovered from searches of the Alavi Foundation offices, a residence maintained by Bank Melli, and journals from the Alavi Foundation's long-time corporate secretary, large volumes of documents obtained from third parties by subpoena or otherwise, as well as the bulk of materials and reports relating to interviews of witnesses. As has been discussed in numerous letters and during several conferences, the Government has continued to produce discovery after April 1, 2013,[1] and the terms of the Order preclude the Government from relying on that discovery at trial absent a showing of very good cause.[2] These post-April 1, 2013 documents largely relate to electronically stored information ("ESI") associated with certain key FBI custodians, which—like all of the production of materials from the FBI files pertaining to criminal and national security investigations—requires a very careful and time-intensive review process. The post-April 1 discovery has also included certain materials that were unable to be processed for discovery prior to April 1, materials that were not in the Government's possession prior to April 1, or materials that had not been located in the FBI's files prior to April 1. In some instances where the post-April 1 discovery related to individuals who had been deposed prior to the production of additional materials, counsel for the Alavi Claimants requested that those depositions be reopened. The Court has granted Alavi's request and, indeed, these depositions have now been scheduled.

Nevertheless, at the most recent conference held on August 7, 2013, counsel for Alavi and 650 Fifth Avenue stated "Your Honor also made clear in that ruling that witnesses can't testify if their documents were not produced by April 1st." (Tr. 68:8-13). The Court indicated that it did not remember that portion of the order, but that the Court would deal with it "in due course as a motion arises." *Id.* We do not believe that the plain text of the order itself, nor the actual conduct of discovery and numerous on-the-record discussions about discovery in this matter, require the preclusion of witnesses with respect to whom discovery has been produced since April 1, 2013. Further, the Government submits that, if the order were in fact to have such an effect, it would be highly prejudicial to the Government, would not serve to protect the

---

[1] The Alavi Claimants, too, have produced a substantial amount of discovery after the April 1, 2013, deadline, including approximately 45 pages of documents produced on or about April 25, 2013; 1290 pages of documents produced on or about May 27, 2013; and 15,600 pages of documents produced on or about May 31, 2013.

[2] We anticipate seeking the Court's permission to introduce some of the post-April 1 materials at trial.

fairness or integrity of the discovery process, and would severely undermine the truth-seeking function of trial. Indeed, such an order would preclude all or nearly all of the Government's witnesses.

As the Court has recognized, the Government has undertaken extraordinary efforts to provide discovery in this case. (Tr. at 78). The Government, along with various components of the FBI, have been continually engaged in the process of reviewing and producing discovery, especially FBI investigative files, in this matter, a process that has involved the declassification and production of large volumes of previously classified material and a careful review of hundreds of thousands of pages of records relating to criminal and national security investigative materials in order to produce to the claimants material that is relevant and discoverable while maintaining the integrity of the Government's valid and important privileges, which exist to protect the investigative process and the public safety. As the Court has noted, civil discovery rules do not ensure that every "needle" in every haystack will be produced, and undue burden and balancing of hardships are proper considerations. Accordingly, the Government submits that the February 1, 2013, order does not preclude the Government from calling witnesses at trial whose documents were not produced by April 1, 2013, and to the extent the Government misunderstood the Court's order, the Government respectfully requests that the Court reconsider this decision.

As the parties are in the midst of preparing for trial, which includes preparing witness lists, the Government respectfully seeks clarification of the Court's February 1, 2013, Order at this time.

Respectfully submitted,

PREET BHARARA
United States Attorney for the
Southern District of New York

By:   */s/ Carolina A. Fornos*
Sharon Cohen Levin
Michael D. Lockard
Martin S. Bell
Carolina A. Fornos
Assistant United States Attorneys
Anand Sithian
Special Assistant United States Attorney
(212) 637-1060/2193/2463/2740/1085

cc: Counsel of Record (via e-mail)