

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 6, 2013

**BY EMAIL (ForrestNYSDChambers@nysd.uscourts.gov)**

The Honorable Katherine B. Forrest
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 730
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 0 9 2013

Re:   **In re 650 Fifth Avenue and Related Properties,**
      **08 Civ. 10934 (KBF)**

Dear Judge Forrest:

The Government respectfully writes in response to the Court's order directing the parties to submit potential adverse jury instructions in light of the Court's September 4, 2013 determination of various parties' motions for sanctions against Assa Corp. and Assa Company Limited (the "Assa Claimants") for their failure to make Assa Corp. shareholders Davood Shakeri and Fatemeh Aghamiri and Assa Corp. President Mohammed Deghani Tafti available for court-ordered depositions in Dubai.

The Government offers the following proposed instruction, which is informed by Sand's Modern Federal Jury Instructions, Instructions 75-3, 75-6, and 75-7, as well as the allegations in the Amended Complaint in this action, and respectfully requests that this instruction be delivered as part of the charge. The Government further requests that portions of this instruction, italicized below, also be read by the Court during the presentation of the evidence referenced within those portions, as Mr. Tafti would have been used to authenticate the documents referenced.

### Proposed Instruction

You have heard evidence about witnesses named Davood Shakeri and Fatemeh Aghamiri, each a shareholder in 50% of Assa Corporation, who have not been called to testify at this trial. Counsel for the Government has argued that these witnesses could have given material testimony in this case, and that Claimants

Assa Corporation and Assa Company Limited were in the best position to produce these witnesses.

You are permitted, but not required, to infer that the testimony of these witnesses would have been unfavorable to Assa Corporation and Assa Company Limited. Among other things, you are permitted, but not required, to infer that if they had testified, Mr. Shakeri and Mrs. Aghamiri would have indicated that they were, as the Government alleges, straw owners of Assa Corporation for Bank Melli – meaning that they were owners in name only when Bank Melli truly owned Assa Corporation – and that both Mr. Shakeri and Mrs. Aghamiri represented the interests of Bank Melli in their dealings with Assa Corporation. You are also permitted, but not required, to infer that Mr. Shakeri and Mrs. Aghamiri acted to conceal Bank Melli Iran's interests in the Assa Corporation, Assa Company Limited, and the 650 Fifth Avenue Company.

You have also heard evidence about a witness named Mohammed Deghani Hassan Tafti, the President of Assa Corporation, who has not been called to testify at this trial. Counsel for the Government has argued that this witness also could have given material testimony in this case, and that Claimants Assa Corporation and Assa Company Limited were in the best position to produce this witness.

You are permitted, but not required, to infer that the testimony of this witness would have been unfavorable to Assa Corporation and Assa Company Limited. Among other things, you are permitted, but not required, to infer that if he had testified, Mr. Tafti would have stated that he was the sole employee of Assa Corp. from 1996 through in or about 2008, and that during that time, Tafti used the e-mail account taftimhd@hotmail.com to conduct business on behalf of Assa Corporation, including regularly providing reports to Bank Melli iran about Assa Corporation's business dealings and receiving instructions from Bank Melli Iran with regard to Assa Corporation's business affairs. You are also permitted, but not required, to infer that Mr. Tafti would have testified that the funds paid to Assa through the 650 Fifth Avenue Partnership were paid for the benefit of Bank Melli Iran, and that Mr. Tafti acted to conceal Bank Melli Iran's interests in the Assa entities and in 650 Fifth Avenue Company.

Also: *You are permitted, but not required, to infer that if called to testify at trial, Mr. Tafti would confirm that Exhibits [List] are e-mails he either sent or received from his e-mail account at taftimhd@hotmail.com. You are also permitted, but*

2

*not required, to infer that if called to testify at trial, Mr. Tafti would confirm that Exhibits [List] are checks he received while purportedly working for Optima Mortgage Corporation, when he was really working for Assa Corporation, and that Exhibits [List] are financial statements showing that Tafti moved money among several bank accounts in order to maintain that ruse. Finally, you are also permitted, but not required, to infer that if called to testify at trial, Mr. Tafti would testify that Exhibits [List] are authentic Assa Corporation corporate and banking records that he viewed during the time he served as president of Assa Corporation.*

The Government also notes the Court's indication to the parties during the September 4, 2013 pretrial conference that the Court currently leans toward granting summary judgment against the Assa Claimants. To the extent that (1) the Court grants partial summary judgment against the Assa Claimants and makes findings of fact to that end, but (2) the Assa Claimants remain in the trial, the Government requests that the Court further supplement these instructions as appropriate to incorporate the findings of fact made.

Respectfully submitted,

PREET BHARARA
United States Attorney for the
Southern District of New York

By:     */s/ Martin S. Bell*
      Sharon Cohen Levin
      Michael D. Lockard
      Martin S. Bell
      Carolina A. Fornos
      Assistant United States Attorneys
      Anand Sithian
      Special Assistant United States Attorney
      (212) 637-1060/2193/2463/2740/1085

cc:  Counsel of record (by email)



ORDERED
Post on Docket   9/9/13

K. B. For
Katherine B. Forrest, USDJ