

DLA Piper LLP (US)
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland  21209-3600
www.dlapiper.com

Richard M. Kremen
richard.kremen@dlapiper.com
T   410.580.4191
F   410.580.3191

June 16, 2017
*VIA ECF*

The Honorable Katherine B. Forrest
United States District Judge
Southern District of New York
Daniel Patrick Moyihan U.S. Courthouse
500 Pearl Street, Room 730
New York, NY 10007

Re:   In re *650 Fifth Ave. and Related Properties*, 08-cv-10934 (KBF), et al.

Dear Judge Forrest:

      We represent the Heiser Judgment Creditors in the above-captioned proceedings. We are writing in response to the letter dated June 13, 2017 [ECF 1831] (the "Claimants' Letter"), by the Alavi Foundation and 650 Fifth Avenue Company (together, the "Claimants"). In the Claimants' Letter, filed in the middle of trial, the Claimants suggest for the first time (even though the Heiser Judgment Creditors' Petition for Turnover (the "Complaint") was filed in 2013) that the Heiser Judgment Creditors limited their claims under the Foreign Sovereign Immunities Act ("FSIA") to § 1610(g) and did not assert a § 1610(b) claim. This contention lacks any merit. The Heiser Judgment Creditors' Complaint contains claims under Section 1610(b) of the FSIA and the Heiser Judgment Creditors have repeatedly asserted these claims over the last four (4) + years. Indeed, the Claimants have specifically acknowledged and confirmed that the Heiser Judgment Creditors possess Section 1610(b) claims in multiple pleadings.

      On April 10, 2017, the Claimants filed their Statement of Undisputed Material Facts Under Local Rule 56.1 in Support of their Motion for Summary Judgment (the "56.1 Statement") [ECF 1544; Case No. 13-mc-71, ECF 381]. The 56.1 Statement specifically confirmed the Heiser Judgment Creditors' § 1610(b) claims. It states:

> The Heiser Plaintiffs filed their petition for turnover on February 27, 2013. (Ex. 16, Petition for Turnover, The Estate of Michael Heiser et al. v. 650 Fifth Avenue Co. et al., No. 13-MC-0071 (S.D.N.Y. Feb. 27, 2013), Dkt. No. 1). **The Heiser Plaintiffs sought to execute against Defendants' assets under** TRIA and FSIA § 1610(g) on the theory that the Defendants are the "foreign state" of Iran or an "agency or instrumentality" of Iran under the TRIA and FSIA § 1610(g**), and also under FSIA §§ 1610(a) and (b)**.

See 2017 56.1 Statement at ¶ 14 (emphasis added).



The Honorable Kathleen Forrest
June 16, 2017
Page Two

The Claimants also specifically acknowledged the Heiser Judgment Creditors' 1610(b) claim in their appellate pleadings. In their appellate brief filed in support of their appeal of the previous summary judgment entered in favor of the Heiser and other Judgment Creditors, the Claimants state:

> Each of the Iran Creditors' complaints sough turnover of Defendants' assets under the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2322 (TRIA) and § 1610(g) of the Foreign Soverign Immunity Act (FSIA), 28 U.S.C. §§ 1330, **1602-11**, under the theory that Defendants are the "foreign state" of Iran or an "agency or instrumentality" of Iran under the TRIA and FSIA § 1610(g). . . **All Iran Judgment Creditors except the Havlish Creditors also sought turnover under FSIA §§ 1610(a) and 1610(b).**

See Claimants' brief at p. 22 (emphasis added) [Second Circuit ECF 177].

The Claimants have specifically confirmed and acknowledged the Heiser Judgment Creditors' 1610(b) claims because the Heiser Judgment Creditors have consistently asserted the claims over the last four (4) + years. The Heiser Judgment Creditors' Complaint [Case No. 13-mc-71, ECF 1], specifically identified these claims in four paragraphs (Complaint at paragraphs 3, 20, 47 and 57: "Defendants. . . are liable upon the Judgment, pursuant to Section 201 of TRIA, 28 U.S.C. Section 1605(a)(7), 1605A(g), 1606 and **1610**[.]" (paragraph 3); "Petitioners hold the Judgment under 28 U.S.C. § 1605A, thereby entitling the Petitioners to enforce the Judgment in accordance with 28 U.S.C. §§ 1605A(g), **1610, et seq.**, and TRIA § 201." (paragraph 20); "[P]ursuant to 28 U.S.C. Sections 1603, 1605(a)(7), 1605(A), 1605(A)(g), 1606 and **1610**, Section 201 of TRIA, Fed. R. P. 69 and N.Y.C.P.L.R. Sections 5225(b) and 5227, Plaintiffs are entitled to an order and judgment, requiring Defendants Fifth Avenue Company and Alavi to turnover real and personal property of the Judgment Debtors[.]" (paragraph 47); the Heiser Judgment Creditors are "entitled to an order and judgment, pursuant to 28 U.S.C. Sections 1603, 1605(a)(7), 1605A, 1605A(g), 1606 and **1610**, Fed. R. Civ. P. 69, N.Y.C.P.L.R. Sections 5225 and 5227 and Section 201 of TRIA[.]" (paragraph 57)). (emphasis added).

These claims have also been asserted by the Heiser Judgment Creditors in numerous other pleadings over the years. Not once have the Claimants asserted that the Heiser Judgment Creditors did not assert a claim under Section 1610(b) of FSIA. On September 17, 2013, the Judgment Creditors moved for summary judgment against the Claimants, Assa Corp. and Assa Co. Ltd. (together, "Assa"). See Joint Motion for Summary Judgment [ECF 869]. In that motion, the Judgment Creditors, which includes the Heiser Judgment Creditors, moved for summary judgment against Assa under § 1610(b) but expressly reserved their § 1610(b) claims against the Claimants. See Memorandum of Law in Support of Judgment Creditor Plaintiffs' Joint Motion for



The Honorable Kathleen Forrest
June 16, 2017
Page Three

Summary Judgment at pp. 12-14 (arguing for summary judgment against Assa under § 1610(b)); p. 13, n. 13 ("Plaintiffs' claims under FSIA § 1610(b) as to Alavi and 650 Fifth Ave. are not the subject of this motion, but are hereby reserved.") [ECF 871]. Moreover, Exhibit 1 to the Declaration of James L. Bernard in support of the Judgment Creditors' Motion for Summary Judgment specifically stated that the Heiser Judgment Creditors asserted claims under TRIA, 1610(a), (b), and (g) in their Complaint. [ECF 870-1]

In their opposition to summary judgment, the Claimants noted that they would not address Section 1610(b) since the Judgment Creditors were reserving their rights against the Claimants with respect to these claims. The Claimants did not contend that the Heiser Judgment Creditors' reservation was incorrect or not allowed or that the chart attached to the pleadings identifying the Heiser Judgment Creditors' claims was incorrect or not allowed because the Heiser Judgment Creditors did not possess a 1610(b) claim. *See* Alavi Foundation's and 650 Fifth Avenue Company's Memorandum of Law in Opposition to the Private Plaintiffs' Motion for Summary Judgment at p. 5, n. 3 [ECF 879]. Moreover, the Court confirmed the Heiser Judgment Creditors 1610(b) claims when it awarded summary judgment in favor of the Heiser Judgment Creditors (and the other Judgment Creditors) against Assa under, *inter alia*, Section 1610(b) of the FSIA. *See* Opinion & Order at pp. 44-45 [ECF 1125].

The Heiser Judgment Creditors also asserted a § 1610(b) claim in their Joint Pretrial Order submitted to the Court on August 27, 2013. *See* Joint Pretrial Order at Conclusions of Law ¶¶ 23, 44, 45 (filed under seal). The Claimants did not challenge or otherwise argue that the Heiser Judgment Creditors had not asserted a § 1610(b) claim.

More recently, the Judgment Creditors, including the Heiser Judgment Creditors, submitted a joint letter dated April 7, 2017, regarding the scope of the claims remaining for trial. [ECF 1536]. That letter stated that the Judgment Creditors' claims against the Claimants "pursuant to section 1610(b)(3) of the [FSIA] . . . have not yet been adjudicated, either in this Court or in the Second Circuit, and were, in fact, expressly reserved by the Judgment Creditors prior to the grant of summary judgment[.]" In response, the Claimants argued that the Judgment Creditors were precluded from bringing any FSIA claim based upon the Second Circuit's ruling. *See* Letter dated April 19, 2017 [ECF 1581]. The Claimants did not argue, however, that the Heiser Judgment Creditors were precluded from bringing a FSIA claim under § 1610(b) because they had not alleged a 1610(b) claim in their Complaint.

As set forth above, the Heiser Judgment Creditors clearly asserted claims under 1610(b), the Heiser Judgment Creditors have consistently maintained these claims in all pleadings for the last four (4) + years, and the Claimants have agreed and acknowledged on numerous occasions that the Heiser Judgement Creditors have asserted 1610(b) claims.



The Honorable Kathleen Forrest
June 16, 2017
Page Four

      For the foregoing reasons, the Heiser Judgment Creditors respectfully request that the Court disregard the Claimants' Letter as it applies to the Heiser Judgment Creditors and utilize the claim chart submitted by the Judgment Creditors in their June 8, 2017 letter [ECF 1811].

                              Respectfully submitted,

                              Richard M. Kremen

Cc:    All Counsel of Record (via ECF)
EAST\144727797.1